UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Gabino Genao,

                        Plaintiff,                              **21-CV-00303 (AT) (VF)**

          -against-                                     **ORDER**

City of New York et al.,

                        Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

This action, brought under 42 U.S.C. § 1983 by *pro se* plaintiff Gabino Genao ("Plaintiff"), is based on a limited set of facts and circumstances that arose when Plaintiff was incarcerated in the custody of the Department of Corrections at the Manhattan Detention Center. Specifically, Plaintiff contests Defendants' actions in response to a fire that Plaintiff set in his cell on December 15, 2020. See ECF No. 2 ("Compl.").

By two Orders dated April 29, 2022 and August 16, 2002, see ECF Nos. 51 and 75, this Court denied without prejudice Plaintiff's previous applications for the appointment of *pro bono* counsel. The Court reasoned that there was no substantial need for the services of *pro bono* counsel at those times and found it an appropriate exercise of its discretion to deny Plaintiff's requests. See id. On August 30, 2022 and June 12, 2023, Plaintiff submitted two more applications for the Court to request *pro bono* counsel to represent him. See ECF Nos. 70 and 96. On September 30, 2022, Defendants moved for summary judgment on all of Plaintiff's claims. See ECF No. 74. On June 20, 2023, the Court issued a Report and Recommendation recommending that Defendants' motion for summary judgment be denied as to Plaintiff's deliberate-indifference and conditions-of-confinement claims, arising from the officers' use of a chemical agent fire extinguisher. See ECF No. 97. Now, therefore, the Court directs that the

Clerk of Court seek *pro bono* counsel to enter a limited appearance for the purpose of assisting Plaintiff in litigating his two surviving claims. Counsel will file a Notice of Limited Appearance as *Pro Bono* Counsel.

## LEGAL STANDARD

The *in forma pauperis* (IFP) statute provides that courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel in civil cases. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Instead, courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. Id. Even if a court believes that a litigant should have a free lawyer, a court has no authority to "appoint" counsel under the IFP statute, but instead, may only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants with truly deserving causes. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172-73 (2d Cir. 1989).

In Hodge, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for IFP status. The court must then consider whether the litigant's claim "seems likely to be of substance"— "a requirement that must be taken seriously." Id. at 60–61. If these threshold requirements are met, the court must next consider such factors as:

2

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id. at 61-62; see also Cooper, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In evaluating these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. See Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997). Each application must be decided on its own facts. See Hodge, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed an IFP application, which the Court granted. See Order dated March 10, 2023, ECF No. 11. Plaintiff therefore qualifies as indigent.

In his complaint, Plaintiff asserted claims for excessive force, deliberate indifference to medical needs, unconstitutional conditions of confinement, violations of 18 U.S.C. § 1001, and municipal liability. See Compl. Defendants moved for summary judgment on all of Plaintiff's claims on September 30, 2022. See ECF No. 74. On June 20, 2023, the Court issued a Report and Recommendation recommending that Defendants' motion for summary judgment be denied as to part of Plaintiff's deliberate-indifference and conditions-of-confinement claims. See ECF No. 97. Given that the Court has recommended that parts of Plaintiff's deliberate indifference to medical needs and conditions of confinement claims survive summary judgment and proceed to trial, the Court finds that Plaintiffs has raised two claims that are "likely to be of substance." Hodge, 802 F.2d at 62; see also Baptiste v. Griffin, No. 18-CV-7274 (NSR), 2022 WL 3288235, at *2 (S.D.N.Y. Aug. 11, 2022) (finding § 1983 claim for excessive force under the Eighth

3

Amendment "likely of substance" after surviving motion for summary judgment); O'Diah v. TBTA-Triborough Bridge & Tunnel Auth., No. 19-CV-7586 (VSB), 2021 WL 3631121, at *1 (S.D.N.Y. July 16, 2021) (finding Eighth Amendment claims "likely of substance" after surviving motion to dismiss).

Lastly, because Genao is presently incarcerated, it will be exceedingly difficult for him to adequately prepare and try his surviving claims. The appointment of counsel is thus more likely to lead to a just determination of his claims. See Reed v. Edmonds, No. 05-CV-5906 (SHS) (HBP), 2006 WL 346189, at *1-2 (S.D.N.Y. Feb. 15, 2006) (granting a motion for *pro bono* counsel based, in part, on the fact that plaintiff was incarcerated which made it "extremely difficult for him to prepare his case for trial"); A.P. v. United States, No. 18-CV-4661 (KAM) (PK), 2018 WL 11401623, at *2 (E.D.N.Y. Dec. 18, 2018) (citing the fact that the defendant was incarcerated, which made "his ability to investigate the crucial facts of the face, to present his defense, or to obtain counsel independently . . . very limited" as one of the reasons to grant the request for *pro bono* counsel).

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Plaintiff for the limited purposes described above. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before an attorney volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case without an attorney.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 72 and 96.

**SO ORDERED.**

DATED:   New York, New York
         June 20, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge